[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On October 31, 1989, the plaintiff A.W. Campbell Company entered into a contract with the defendant Jan Gryckiewz, whereby the plaintiff agreed to furnish materials and labor for the installation of torch down roofing on properties located at 342 and 352 Arch Street, New Britain, Connecticut. The balance due and owing the plaintiff pursuant to the parties agreement is $2,000.00. However, conflicting evidence was presented on the issue of the cause of water leaks at the aforementioned properties. The factfinder concluded that these water leaks were caused by the plaintiff's performance of the contract. As a result, the factfinder recommends that the plaintiff be awarded only $665.00 and that legal fees and costs should not be awarded to the plaintiff.
The plaintiff maintains that he is entitled to legal fees and costs. Statutory authority or contractual provisions are generally the only means by which a party may recover attorney's fees. Doe v. Heintz, 204 Conn. 17, 22-23 (1987). The contract between the parties provides that "in case of default in any terms of this agreement, the owner [defendant] will pay all costs of collection including a reasonable attorney's fee . . ." This contractual language is limited only by Conn. Gen. Stat. sec. 42-150aa(b) which provides: CT Page 4
 (b) If a lawsuit in which money damages are claimed is commenced by an attorney who is not a salaried employee of the holder of a contract or lease subject to the provisions of this section, such holder may receive or collect attorney's fees, if not otherwise prohibited by law, of not more than fifteen per cent of the amount of any judgment which is entered.
In view of section 42-150aa(b) attorney's fees should be awarded, but that such fees should not exceed 15% of the $665.00 judgment. Moreover, the defendant cannot rely on Connecticut Practice Book Section 341 et. seq. to recover attorney's fees since Section 344 shall not be interpreted to abrogate the contractual rights of any party concerning the recovery of attorney's fees. Connecticut Practice Book Section 344.
On the issue of costs, Conn. Gen. Stat. sec.52-257 (c) provides as follows:
 (c) In all civil actions in which the matter in demand is less than fifteen thousand dollars, the prevailing party shall receive, by way of indemnity, the following sums: (1) For all proceedings before trial, ten dollars; and (2) for the trial of an issue of fact or law, fifteen dollars, but, if more than one issue of fact or law is tried at one time, only one trial fee shall be allowed.
Therefore, the plaintiff, in accordance with section52-257 (c), is entitled to costs of $25.00. In view of the foregoing, the plaintiff is entitled to an attorney's fee of $99.75 and costs of $25.00.
JOHN M. BYRNE JUDGE, SUPERIOR COURT